UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-07735 JAK (PJWx) | Date | February 24, 2017 |
|---|---|---|---|
| Title | Kenneth D. Malamed v. First Western Capital Management Company | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:  **(IN CHAMBERS) ORDER RE MOTION TO REMAND (DKT. 12) AND DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER PURSUANT TO FED. R. CIV. P. 12(B)(3) OR 28 U.S.C. § 1404. (DKT. 9)**
**JS-6: Remanded**

## I.  Introduction

Kenneth D. Malamed ("Plaintiff") brought this action in the Los Angeles Superior Court on September 9, 2016. The Complaint presents claims against First Western Capital Management Company ("FWCM") and seeks certain declaratory relief. Dkt. 1-1. Plaintiff filed a First Amended Complaint on October 19, 2016; it added claims for wrongful termination in violation of public policy, failure to pay all wages upon termination and failure to pay reimbursement. First Amended Complaint ("FAC"), Dkt. 12-4, Ex. F.

FWCM removed the action on October 18, 2016, based on diversity jurisdiction. 28 U.S.C. §1441. Notice of Removal, Dkt. 1. On October 26, 2016, FWCM filed a motion to dismiss or to transfer the action to the District of Colorado. Fed. R. Civ. P. 12(B)(3); 28 U.S.C. § 1404. Dkt. 9. On November 8, 2016, Plaintiff filed a Motion to Remand. Dkt. 12.

A hearing on all of the motions was conducted on December 12, 2016, and they were taken under submission. Dkt. 22. For the reasons stated in this Order, the motion to remand is **GRANTED**. Therefore, the remaining motions are not addressed because there is no jurisdiction to do so.

## II.  Background

Plaintiff founded and was the principal owner of Financial Management Advisors, LLC ("FMA"). FAC ¶ 6. FMA was a Los Angeles-based investment advisory firm at that time. *Id.* In 2008, Plaintiff sold FMA to First Western Financial, Inc. ("First Western Financial"), which is a bank based in Colorado. *Id.* ¶ 7. First Western Financial formed a subsidiary -- First Western Capital Management Company ("FWCM") -- in connection with the acquisition of FMA. *Id.* After the acquisition, FMA was dissolved, with its operations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-07735 JAK (PJWx) | Date | February 24, 2017 |
|---|---|---|---|
| Title | Kenneth D. Malamed v. First Western Capital Management Company | | |

continued under FWCM. *Id.* As part of the acquisition, Plaintiff became the Vice Chairman, Chief Investment Officer and Portfolio Manager of FWCM. *Id.* ¶ 8. Subsequently, he became a member of its Investment Policy Committee and Board of Directors. *Id.* In 2013, Plaintiff entered into a new contract with FWCM (the "2013 Agreement"). *Id.* ¶ 24. Pursuant to that agreement, Plaintiff agreed to continue to work with FWCM for a new three-year term.

During the term of the 2013 Agreement, issues arose between Plaintiff and FWCM. They included disagreements during 2016 as to the proposed sale of FWCM by First Western Financial. *Id.* ¶¶ 26-34. In June 2016, FWCM offered Plaintiff a new employment agreement. *Id.* ¶ 29. He declined to sign it due to his concern over the proposed sale of FWCM. *Id.* ¶ 31. On August 2, 2016, FWCM and First Western Financial brought an action against Plaintiff in Colorado (the "Colorado Action"). *Id.* ¶ 32. On September 1, 2016, after the 2013 Agreement had expired, FWCM and First Western Financial terminated Plaintiff's employment, which was ongoing, and served him with the complaint in the Colorado Action. *Id.* As noted, Plaintiff then brought this action in the Los Angeles Superior Court presenting claims arising from his termination as well as his treatment by FWCM during his employment. *Id.* ¶¶ 34-36.

### III. Motion to Remand

#### A. Legal Standards

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Generally, a case may be removed only if it could have been brought initially as a federal action. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between parties who are citizens of different states. 28 U.S.C. §§ 1332, 1441. Therefore, diversity jurisdiction can be the basis for the removal of an action. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

The removal statute is to be strictly construed. Consequently, any doubt about whether an action was properly removed is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Under this standard, a removing party has the burden of establishing that removal was proper. *Id.*

A corporation is a citizen of the state in which it is incorporated and the one in which its principal place of business is located. 28 U.S.C. § 1332(c). Its "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities" otherwise known as its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

"In evaluating a corporation's principal place of business using the nerve center test, courts consider several factors including [but not limited to] where the corporation's chief executive officer resides and maintains his or her office, where the other officers reside, where the corporation's high level decisions are made, and where the corporation's finance and accounting functions are performed." *Peich v. Flatiron W., Inc.*, No. 516CV00540-ODW-DTB, 2016 WL 6634851, at *3 (C.D. Cal. Nov. 9, 2016)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-07735 JAK (PJWx) | Date | February 24, 2017 |
|---|---|---|---|
| Title | Kenneth D. Malamed v. First Western Capital Management Company | | |

(internal quotation markss omitted).

Further, "[s]ubject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 536, 538 (1824)). Thus, courts review diversity jurisdiction based on the citizenship of the parties at the time of the filing of the complaint. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). "Once jurisdiction attaches, a party cannot thereafter, by its own change of citizenship, destroy diversity." *Id.* (citing *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 391 (1998)).

### B. Competing Evidence as to the Nerve Center of FWCM

Plaintiff argues that there is no diversity jurisdiction because he and FWCM are both California citizens. It is undisputed that Plaintiff is a California citizen. As to FWCM, Plaintiff contends that it is a California citizen because its principal place of business is here. In support of this position, Plaintiff notes that "ten of twelve key management employees and executives of FWCM worked in the Los Angeles office," including the President and Chief Investment Officer. Dkt. 12-1 at 1. Plaintiff contends that the President is the key decision-maker. Thus, under the Bylaws of FWCM, the President has "general supervision, direction and control of the business and officers of the Company" and is authorized "by the Board of Directors to sign all agreements and contracts of the Company." Ex. A to Hartley Decl., Dkt. 15-3 at 9 (Bylaws Article V §2(c)). Plaintiff also has presented a copy of the FWCM Form ADV that it completed and then filed with the Securities and Exchange Commission ("SEC") on October 6, 2016. Ex. A to Plaintiff's Request for Judicial Notice ("RJN"), Dkt. 12-6. This was just 12 days prior to its removal of this action. In the Form ADV, FWCM states that its "Principal Office and Place of Business" is "1900 Avenue of the Stars, Suite 900, Los Angeles, California, 90067." *Id.* at 1 ¶ F. The instructions for the completion of Form ADV define "principal place of business" as: "Your firm's executive office from which your firm's officers, partners, or managers direct, **control**, and coordinate the activities of your firm." Ex. B to RJN, Dkt. 12-6 at 38 (emphasis in original).

FWCM responds that much of the information about its activities on which Plaintiff relies is outdated. It claims that, although FMA was based here previously, at the time of Plaintiff's termination from FWCM on September 1, 2016, all but one of the officers and directors of FWCM resided in Colorado, including the CEO, CFO and Secretary. Dkt. 15 at 11. It also contends that executive level decisions were made in Colorado. *Id.* These included "human resources, accounting, finance, client billing, and information technology." Courkamp Decl., Dkt. 15-1 ¶ 10. Additionally, FWCM's Bylaws state that the "principal office and place of business of [FWCM] in the State of Colorado shall be in the City and County of Denver, State of Colorado," Ex. 1 to Hartley Decl., Dkt. 15-3 at 4 (Bylaws). Similarly, its filing with the California Secretary of State states that its "principal executive office" is in Denver. Ex. 3 to Hartley Decl., Dkt. 15-3 at 24. Despite relying on its filing with the California Secretary of State to support its claimed Colorado citizenship, FWCM argues that public filings, such as the information on its Form ADV, should be given little weight. The basis for this argument is the assertion that the Supreme Court "expressly rejected the notion that a company's public filings regarding its principal place of business should be given substantial weight in determining their state of citizenship for diversity." *Id.* at 9-10 (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-07735 JAK (PJWx) | Date | February 24, 2017 |
|---|---|---|---|
| Title | Kenneth D. Malamed v. First Western Capital Management Company | | |

*Hertz*, 559 U.S. at 97).

### C.  Analysis

A consideration of the competing evidence under the applicable standards shows that FWCM has not met its burden to establish diversity jurisdiction. There are several bases for this conclusion.

*First*, it is material that FWCM stated in its Form ADV that its "Principal Office and Place of Business" is in "Los Angeles, California." As noted, the Form instructs the party submitting it that this term means, "Your firm's executive office from which your firm's officers, partners, or managers direct, **control**, and coordinate the activities of your firm." Ex. B to RJN, Dkt. 12-6 at 38 (emphasis in original). This is a straightforward instruction that parallels the guiding language from the Supreme Court. *See Hertz*, 559 U.S. at 92-93. Moreover, the instructions on Form ADV cautioned that it must be completed truthfully. Ex. A to RJN, Dkt. 12-6 at 6. The form was signed under penalty of perjury by its Chief Compliance Officer, Bryan Haft, on behalf of FWCM. *Id.* Further, the knowing submission of a false statement to the federal government may be a criminal act. 18 U.S.C. § 1001. At the December 12, 2016 hearing, FWCM's counsel explained that the statement about Los Angeles as the principal office of FWCM was made in error. However, no evidence has been submitted to support this assertion, *e.g.*, a declaration from the person who signed it. It is also significant that the form was filed proximate in time to the removal of this action and well after the other documents on which FWCM relies. Ex. 3 to Hartley Decl., Dkt. 15-3 (Statement of Information) (2014), and Ex. 1 to Hartley Decl., Dkt. 15-3 (Bylaws) (2010). Further, the circumstances here vary from those presented in *Hertz*. There, the Supreme Court expressed concern with placing substantial weight on self-serving statements made by an entity in its public filings because it would facilitate forum shopping. 559 U.S. at 96. However, it did not conclude that a statement in such a filing should be given no weight, particularly where the party is taking a position that is inconsistent with what it told a government agency. As *Hertz* also explained, "the mere filing of a form" would not "*without more*, be sufficient proof to establish a corporation's 'nerve center.'" *Id.* (italics added). Here, this is not the only evidence presented as to the "nerve center" of FWCM.

*Second*, other evidence supports Plaintiff's position that the nerve center of FWCM was in Los Angeles at the relevant time. Although the CEO, more than half of the members of the Board of Directors, and about half of the executive officers listed in the Bylaws worked in the Denver office at that time, FWCM has not made clear what level of participation and control these officers had in the executive-level decision-making of FWCM. Further, Plaintiff has presented evidence that the California-based President and CIO of FWCM, Barry Julien, had the authority to sign contracts and agreements binding FWCM. *See, e.g., In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087-BTM, 2010 WL 2998855, at *1 (S.D. Cal. July 29, 2010) (distinguishing the executive who entered into contracts for the company and the employees who implemented them). No evidence has been presented that the CEO of FWCM approved any such agreements prior to their entry or vetoed them after they were signed. Plaintiff also has shown that the California-based President of FWCM had the authority to make investment decisions, which is a core component of the operations. Similarly, it is noteworthy that the CEO of FWCM also serves as the CEO of its parent -- First Western Financial -- which also has several other subsidiaries. This evidence is consistent with Plaintiff's claim that those who were responsible for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-07735 JAK (PJWx) | Date | February 24, 2017 |
|---|---|---|---|
| Title | Kenneth D. Malamed v. First Western Capital Management Company | | |

operation of the FWCM office in Los Angeles had substantial decision-making authority about its operations. Although FWCM has shown that certain administrative functions were undertaken by executives who resided and worked in Colorado, the evidence supporting these claims is focused on decisions to terminate two high-level employees and the final approval of a proposed budget.

*Third*, the evidence about shared decision-making is distinct from what has been presented in earlier cases, including *Hertz*. They addressed the nerve center issue in the context of authority for certain sales or manufacturing processes in an office in one state, and executive-level decisions in another. Here, there is evidence that responsibility for at least some executive-level decisions was shared by those in California and Colorado. This conclusion is based on both the history of FWCM, which was the successor to the California-based FMA, and the nature of its operations -- providing financial advice to clients, many of whom were developed by the California office.

*Finally*, the foregoing evidence must be viewed in light of the applicable legal standards. Thus, FWCM must show that its nerve center is not located in California, *i.e.*, that it is in Colorado. A consideration of the evidence shows that it has not met this standard. It is not Plaintiff's burden to show that California is the nerve center. *See Goldenberg Family Trust v. Travelers Commercial Ins. Co.*, CV 11-04312, 2011 WL 3648490, at *1 (C.D. Cal. Aug. 18, 2011) (defendant did not meet its burden of proving its nerve center was in Connecticut without deciding where it was located). Instead, because doubt remains as to that issue, Defendant has not met its burden. *Gaus*, 980 F.2d at 566.

### IV.    Conclusion

For the reasons stated in this Order, the motion to remand is **GRANTED** and this action is **REMANDED** to the Los Angeles Superior Court at its Stanley Mosk Courthouse. The remaining motions are not addressed because there is no jurisdiction to do so.

**IT IS SO ORDERED.**

                                                                                        _____ : _____
                                                                                        Initials of Preparer    ak